**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001091**
**10-FEB-2015**
**08:41 AM**

NO. CAAP-12-0001091

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARVIN L. McCLOUD, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1P2110000411)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Marvin L. McCloud (**McCloud**) appeals from the Notice of Entry of Judgment and/or Order, filed on December 6, 2012, in the District Court of the First Circuit, Wahiawā Division (**district court**).[1] After a bench trial, the district court found McCloud guilty of Disorderly Conduct as a petty misdemeanor, pursuant to Hawaii Revised Statutes (**HRS**) § 711-1101(1)(a) and (3) (2014).[2]

---

[1] The Honorable Paula Devens presided.

[2] HRS § 711-1101 provides in pertinent part:

§711-1101 **Disorderly conduct.** (1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person:

(a) Engages in fighting or threatening, or in violent or tumultuous behavior[.]

(continued...)

On appeal, McCloud argues that the district court wrongly convicted him based on insufficient evidence. Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve McCloud's appeal as follows and affirm.

> We review the sufficiency of evidence on appeal as follows:
>
> > [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.
>
> State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawaiʻi 128, 145, 938 P.2d 559, 576 (1997)). "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citation omitted).

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010).

On December 3, 2011, at 10:30 p.m., Officer Reginald Manoa (Manoa) responded to an argument in a residential neighborhood, on Ehoeho Avenue, in Wahiawā, on Oʻahu. The neighborhood consisted of single-family dwellings and an apartment complex with numerous apartments, and no businesses in the immediate area.

When Officer Manoa arrived at the scene, he saw two groups of people on each side of a gate that went across the

---

² (...continued)

. . . .

(3) Disorderly conduct is a petty misdemeanor if it is the defendant's intention to cause substantial harm or serious inconvenience, or if the defendant persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.

driveway of a residence.[3] McCloud, as well as another man and woman (collectively, the McCloud group), were outside of the gate, yelling and screaming at someone inside the house to come out and saying that they wanted to go in and get the person. At least three people inside the gate were holding the gate closed, telling the McCloud group they could not enter. A man standing outside the gate was trying to talk the McCloud group into going home. McCloud aggressively responded, "Tell him to come out." There was no other noise in the area, except that which was coming from the groups at the gate.

Because McCloud appeared to be the aggressor, Officer Manoa stepped between the two groups, faced McCloud, and told him to back off. McCloud did not move, and the officer physically turned McCloud around and walked him back about five paces. McCloud nonetheless re-joined the McCloud group and aggressively resumed yelling at the people inside the house to come out. Officer Manoa stepped between the two groups again, trying to separate them and diffuse the argument, and yelled at the McCloud group to step back. McCloud continued to yell, appearing angry and ignoring the officer.

About four other officers arrived, and moved the McCloud group back onto a street nearby. McCloud continued yelling at the people in the house to come out.

According to Officer Manoa, over fifty people from apartment buildings across the street and residences nearby came out onto the street, forming a large group.

At least ten to fifteen more officers were then at the scene and moving the McCloud group away. While the police were arresting another man, McCloud appeared near the man and said, "You cannot do this" and "You fuckin' cops. You guys cannot do that." Then, McCloud yelled to a woman in the large crowd, "The cops not going protect you."

---

[3] Per Officer Manoa's testimony, the gate was a "sliding chain link fencing that they pull across the driveway to block off the [] driveway."

When Officer Michael Olmstead (Olmstead) arrived on the scene, McCloud was yelling at the officers, from about twenty to twenty-five feet away, "[Y]ou like arrest me?" and "Yeah, I like see that." McCloud was walking backwards with a group of people that were being moved up the street by police officers and "mouthing off," making comments about how the officers could not "do this." He then broke off from the group and started walking away from the group and not being compliant, while still being verbal. At this point, Officer Manoa believed that McCloud was the problem that created the entire situation and that McCloud created an environment that was not safe, and thus Officer Manoa ordered Officer Olmstead to arrest McCloud for disorderly conduct.

McCloud first contends that the State failed to adduce sufficient evidence showing that he was engaged in fighting or threatening. We conclude that McCloud was "fighting" or "threatening" within the context of HRS § 711-1101(1)(a) when he continually and aggressively asserted himself against the people behind the gate, kept yelling at people both outside and in the house, including angrily demanding that someone inside the home come out, and yelled at a woman in the crowd that "[t]he cops not going protect you." See Webster's II New College Dictionary 425, 1176 (3d ed. 2005) (defining "fight" in part as "[t]o argue" and "threaten" in part as "[t]o express a threat against" and "[t]o serve as a threat to: ENDANGER").

McCloud argues in the alternative that the State failed to show that he acted "with intent to cause physical inconvenience or alarm by a member or members of the public; or recklessly create a risk thereof[.]" HRS § 711-1101(1). We disagree. McCloud's conduct occurred in a residential neighborhood, consisting of single-family dwellings and an apartment complex with numerous apartments, beginning at around 10:30 at night. The neighborhood was initially quiet, except for the noise created by the groups at the gate, and particularly McCloud's aggressive yelling. When McCloud was yelling by the

4

gate of the residence and in the street, including when he persisted in aggressively yelling even after Officer Manoa told him to back off, McCloud recklessly created a risk that his conduct would alarm a member or members of the public. See State v. Kilborn, No. 29801, 2010 WL 2030613, 123 Hawai'i 134, 230 P.3d 434 (App. May 24, 2010) (SDO); State v. Spencer, No. 29176, 2009 WL 1888943, 121 Hawai'i 31, 211 P.3d 89 (App. July 2, 2009) (SDO); cf. State v. Faulkner, 64 Haw. 101, 637 P.2d 770 (1981); State v. Leung, 79 Hawai'i 538, 904 P.2d 552 (App. 1995).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on December 6, 2012, in the District Court of the First Circuit, Wahiawā Division, is affirmed.

DATED: Honolulu, Hawai'i, February 10, 2015.

On the briefs:

Harrison L. Kiehm
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5